UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DARRELL A SCOTT, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 1:13-cv-01750-TWP-DML |
| RAMA, INC. doing business as RAMA CAR WASH & LUBE, | ) |
| Defendant. | ) |
| RAMA, INC., | ) |
| Counter Claimant, | ) |
| vs. | ) |
| DARRELL A SCOTT, | ) |
| Counter Defendant. | ) |

## ENTRY ON MOTION TO DISMISS COUNTERCLAIM

This matter is before the Court on a Motion to Dismiss Defendant's Counterclaim filed by Plaintiff/Counterclaim Defendant, Darrell A. Scott ("Mr. Scott"). (Filing No. 27). Mr. Scott brought this action against Defendant/Counter Claimant, Rama, Inc. ("Rama"), for alleged violations of the Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12101-12113 ("ADA"). Along with its Answer, Rama asserted counterclaims against Mr. Scott for fraud and abuse of process. For the reasons set forth below, Mr. Scott's motion is **GRANTED**.

# I.     BACKGROUND

In July 2006, Mr. Scott began working for Rama in the position of Lube Tech.  As a Lube Tech, he was responsible for, among other duties, checking air filters, transmission fluid, oil levels, power steering fluid, brake fluid, and air filters.  Mr. Scott has a history of back problems, including degenerative arthritis of the spine, slipped discs on two separate occasions, and spinal stenosis. On August 3, 2012 Mr. Scott was involved in an automobile accident, which exacerbated his back problems. Following the accident, Mr. Scott continued to work in his position as a Lube Tech. But in September 2012, Mr. Scott's manager added the duty that he was to sweep vehicles. Mr. Scott alleges that Rama terminated him after receiving instructions from his physician that he was to avoid work involving bending, leaning forward and sweeping, despite his claim that he could still perform the essential functions of the job. Mr. Scott timely filed a charge of disability discrimination against Rama with the Equal Employment Opportunity Commission ("EEOC"), and was issued a Notice of Right to Sue on August 3, 2013.  He subsequently filed this action against Rama alleging violations of the ADA.

Rama filed an Amended Answer and Counterclaim in response to Mr. Scott's Complaint. ([Filing No. 26](#)).  In its counterclaim, Rama alleges that Mr. Scott fraudulently misrepresented that he could perform the duties of the Lube Tech position when he applied for the job in 2006.  Rama argues that this assertion is contradicted by Mr. Scott's recent filing of applications for unemployment and Social Security Disability Insurance benefits in which he alleges he is disabled and unable to work.  Rama also alleges that Mr. Scott's claims are brought in bad faith and are frivolous.  Mr. Scott now seeks dismissal of Rama's counterclaims under Rule 12(b)(6).

## II. LEGAL STANDARD

Rule 12(b)(6) applies by its terms to counterclaims as well as to a plaintiff's claims. In reviewing a motion to dismiss a counterclaim under Rule 12(b)(6), the Court must take the facts alleged in the counterclaim as true and draw all reasonable inferences in favor of the counterclaimant. The counterclaim must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and there is no need for detailed factual allegations. However, the statement must "give the [counter] defendant fair notice of what the . . . claim is and the grounds upon which it rests," and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Stated differently, the counterclaim must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citations omitted). To be facially plausible, the counterclaim must allow "the court to draw the reasonable inference that the [counterclaim] defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Pleadings consisting of no more than mere conclusions are not entitled to an assumption of truth, including legal conclusions couched as factual allegations and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

## III. DISCUSSION

As an initial matter, Rama first attempts to argue that it did not intend to include the headers "COUNT I" and "COUNT II" in its counterclaim, and instead alleges that the counterclaims arise from the factual assertions stated under both headings. Regardless of whether the Court disregards

the headings and construes the counterclaim as arising from the totality of the facts asserted, Rama's counterclaims fail to state a claim under Rule 12(b)(6).

1. **Fraud claim**

Rama argues that it is asserting a fraud claim against Mr. Scott for allegedly misrepresenting that he could perform the tasks of "vacuuming, wiping, and driving cars, cleaning car wash equipment, cleaning the facilities of the building and doing ground maintenance" when he filled out his employment application in 2006. However, Rama does not allege that Mr. Scott was not able to perform those tasks during the six years of his employment prior to his automobile accident and subsequent termination. Rather, in support of this claim, Rama alleges that Mr. Scott's applications for unemployment and for Social Security Disability Insurance benefits, in which he states he is disabled and unable to work, contradict his representation in his employment application that he was capable of doing the essential functions of the job. Mr. Scott argues that Rama's counterclaim does not comply with Federal Rule of Civil Procedure 9(b), which requires that allegations of fraud be pled with particularity, including "the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 737 (7th Cir. 2014) (quoting *Uni*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 923 (7th Cir. 1992)).

While Rama's counterclaim satisfies the specificity requirement of Rule 9(b), the facts alleged do not state a cause of action for fraud. Under Indiana law, to prove an actual fraud claim, a plaintiff must demonstrate: "(1) a material misrepresentation of past or existing fact which (2) was untrue, (3) was made with knowledge of or in reckless ignorance of its falsity, (4) was made with the intent to deceive, (5) was rightfully relied upon by the complaining party, and (6) which

proximately caused the injury or damage complained of." *Doe v. Howe Military Sch.*, 227 F.3d 981, 990 (7th Cir. 2000) (quoting *Lawyers Title Ins. Corp. v. Pokraka*, 595 N.E.2d 244, 249 (Ind. 1992)). Rama does not allege that Mr. Scott made a false misrepresentation of a past or existing fact; rather, Rama alleges that Mr. Scott made a misrepresentation regarding future facts, namely that he would be able to perform the functions of the job for which he was applying. "[A]ctual fraud may not be based on representations regarding future conduct, or on broken promises, unfulfilled predictions or statements of existing intent which are not executed." *Id.*

In addition, the mere fact that Mr. Scott may have had a disability either prior or subsequent to his 2006 application does not mean his statement that he could perform the essential functions of the job was false, as Rama urges the Court to conclude. In fact, to prevail on his ADA claim, Mr. Scott will have to show that he is a qualified individual with a disability, meaning that he can perform the essential functions of the job with or without a reasonable accommodation. *Basith v. Cook Cnty.*, 241 F.3d 919, 930 (7th Cir. 2001). Thus the "logic" argued by Rama is flawed and misunderstands the nature of disability under the ADA. Mr. Scott may truthfully allege that he was able to perform the essential functions of the job even if he did have a disability at the time he applied for the job with Rama in 2006. Moreover, the United States Supreme Court has ruled that a claim for disability benefits under the Social Security Act is not inconsistent with an ADA claim. *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 805 (1999) (With respect to an ADA plaintiff, "if an individual has merely applied for, but has not been awarded, SSDI benefits, any inconsistency in the theory of the claims is of the sort normally tolerated by our legal system.")

Because Mr. Scott's 2006 factual assertion that he could perform the essential functions of the job with Rama is a statement regarding future conduct, it cannot form the basis for a claim of fraud. Furthermore, Mr. Scott's subsequent factual assertion—six years later and after an

5

automobile accident—that he is unable to work due to disability does not render his 2006 statement regarding his ability to perform the essential functions of the Lube Tech job false. Rama has failed to allege that Mr. Scott made a false statement regarding an existing fact at the time he completed the job application in 2006, thus Rama has failed to state a claim upon which relief can be granted with respect to its fraud claim.

### 2. Abuse of Process Claim

Rama also purports to bring a claim for abuse of process, alleging that Mr. Scott's ADA claim is brought in bad faith and is frivolous, meritless and groundless. In Indiana, the tort of abuse of process consists of two elements: (1) ulterior motive, and (2) use of process that would not be proper in the normal prosecution of the case. *Watters v. Dinn*, 633 N.E.2d 280, 288 (Ind. Ct. App. 1994). "The gravamen of [abuse of process] is not the wrongfulness of the prosecution, but some extortionate perversion of lawfully initiated process to illegitimate ends." *Nat'l City Bank, Ind. v. Shortridge*, 689 N.E.2d 1248, 1252 (Ind. 1997), *supplemented sub nom. Nat'l City Bank, Ind. v. Shortridge*, 691 N.E.2d 1210 (Ind. 1998) (quoting *Heck v. Humphrey*, 512 U.S. 477, 486 n.5 (1994)). "The second element, stated differently, involves an inquiry as to whether the use of process was a legitimate use of the judicial system." *Oyebade v. Boston Scientific Corp.*, 955 F. Supp. 2d 920, 946 (S.D. Ind. 2013) (quoting *Kalwitz v. Kalwitz*, 934 N.E.2d 741, 753 (Ind. Ct. App. 2010)). "[T]he relevant inquiry [is] whether the complained-of acts were procedurally and substantively proper under the circumstances." *Reichhart v. City of New Haven*, 674 N.E.2d 27, 32 (Ind. Ct. App. 1996) (internal quotations omitted). Proof of improper motive alone is insufficient to proceed with an abuse of process claim; a plaintiff must establish that a defendant has employed an "improper 'process' before the court proceeds to an examination of the defendant's motive." *Id*. at 30.

The starting point for analyzing an abuse of process claim is to determine whether the defendant (in this case, the counter-defendant) employed an improper process, not the defendant's motivation in employing that process. *Id.* at 31. "A party's intent is irrelevant where his acts are procedurally and substantively proper under the circumstances." *Id.* Rama does not allege that the process used in bringing this action is improper under the circumstances. Mr. Scott seeks redress for allegations that Rama violated the ADA. Whether Mr. Scott can prove those allegations does not go to whether the process itself is improper. Rama does not allege any facts that would demonstrate that that the process itself—in this instance, filing a complaint for damages—was not proper, nor that it is for an end other than that which it was designed to accomplish. Therefore, the Court finds that Rama has not plausibly stated a claim for abuse of process.[1]

## IV. CONCLUSION

For the reasons set forth above, the Court finds that Rama's counterclaims fail to state claims upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Therefore, Mr. Scott's Motion to Dismiss Defendant's Counterclaim ([Filing No. 27](Filing No. 27)) is **GRANTED** and Rama's counterclaims are **DISMISSED**.

SO ORDERED.

Date: 3/16/2015

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

---

[1] The Court is puzzled by Rama's assertion that its abuse of process claim is not subject to the plausibility pleading requirement. Contrary to Rama's argument, *all* complaints and counterclaims are subject to the plausibility requirement, not just those subject to Rule 9. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009).

Distribution:

P. Adam Davis
DAVIS & SARBINOFF LLP
efiling@d-slaw.com

Quincy Erica Sauer
MACEY SWANSON & ALLMAN
qsauer@maceylaw.com

Barry A. Macey
MACEY SWANSON AND ALLMAN
bmacey@maceylaw.com